IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MAURICE KIRBY, SR.** **PLAINTIFF**

vs.   Civil Action No.   <u>3:24-cv-6-CWR-LGI</u>

**TERRY L. BAILEY; CRETE CARRIER**
**CORPORATION; and JOHN DOES 1-9** **DEFENDANTS**

<u>NOTICE OF REMOVAL</u>

COME NOW, Crete Carrier Corporation ("Crete") and Terry L. Bailey ("Bailey") (collectively, "Defendants"), by and through counsel, and without waiving any affirmative or other defenses available to them, including those set forth in Rules 8 and 12 of the Mississippi and Federal Rules of Civil Procedure, and file this Notice of Removal of this action from the Circuit Court of Newton County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division and, in support thereof, would show unto the Court the following:

<u>COMPLAINT</u>

1. On or about April 25, 2023, Plaintiff filed a Complaint against Bailey in the Circuit Court of Newton County, Mississippi, being Cause No. 23-cv-088-NWMD, a copy of which is attached hereto as Exhibit A. The Complaint was not served on Bailey. Subsequently, on or about November 29, 2023, Plaintiff filed a First Amended Complaint against Crete and Bailey, a copy of which is attached hereto as Exhibit B. The First Amended Complaint has not been served on Crete or Bailey. Instead, counsel for Defendants accepted service of process on December 6, 2023, and executed a waiver of service of process.

2. In the First Amended Complaint, Plaintiff alleges that, on or about August 3, 2022, he was involved in an automobile accident with a tractor-trailer rig operated by Bailey while Bailey

was acting in the scope of his employment with Crete. *See* Ex. B at ¶8-12. Due to the alleged negligence of the Defendants, Plaintiff alleges that he sustained damages, including serious physical injuries, past and future pain and suffering, past and future medical expenses, lost wages, and loss of wage-earning capacity. *See id.* at ¶19 and the Prayer for Relief. Before serving process on Defendants, Plaintiff made a settlement demand for $175,736.61, a copy of which is attached hereto as Exhibit C.

3. This Court has diversity of citizenship jurisdiction over this proceeding, pursuant to 28 U.S.C. §1332, because the parties are completely diverse, and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

**A.  This Case is Properly Removable**

4. This case is properly removable to this Court pursuant to 28 U.S.C. §1441(a), which provides in pertinent part as follows:

> Except as otherwise expressly provided by Act of Congress, [1] any civil action brought in a State court of which the district courts of the United States have <u>original jurisdiction</u>, [2] may be removed by the defendant or the defendants, to the <u>district court of the United States for the district and division embracing the place where such action is pending</u>.

28 U.S.C. §1441(a) (emphasis added).

5. As will be explained in more detail below, this Court has original jurisdiction (diversity of citizenship jurisdiction) over this case, pursuant to 28 U.S.C. §1332(a), as amended, which provides, in pertinent part, the following:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between -
> (1) citizens of different States. . . .

28 U.S.C. §1332(a).

2

6. Additionally, the United States District Court for the Southern District of Mississippi, Northern Division, is the district and division embracing the location of the state court where this suit is currently pending.

**B.     This Removal is Timely**

7. Pursuant to 28 U.S.C. §1446(b), a notice of removal can be filed within thirty (30) days after receipt by the defendant "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." 28 U.S.C. §1446(b)(1).

8. Counsel for Defendants accepted service of process of the Summonses and First Amended Complaint on December 6, 2023, and executed a waiver of service of process. A copy of the executed waiver of service of process is attached hereto as Exhibit D.

9. Because Defendants are removing this case within thirty (30) days from December 6, 2023, removal is proper and timely.

**C.     Required Documents Attached and Notice to Clerk Given**

10. Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders served upon the Defendants are attached hereto as part of Exhibit E.

11. Pursuant to L.U.Civ.R. 5(b), a copy of the entire state court record from the Newton County Circuit Clerk is attached hereto as Exhibit E.

12. Additionally, contemporaneous with the filing of this Notice of Removal, Defendants will file a copy of the same with the Clerk of the Circuit Court of Newton County, Mississippi, in accordance with 28 U.S.C. §1446(d).

3

## DIVERSITY JURISDICTION EXISTS

13. As already briefly mentioned, this Court has original diversity jurisdiction over this case, pursuant to 28 U.S.C. §1332(a), because the Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**A.     Diversity of Citizenship Exists**

14. Plaintiff is a resident citizen of the State of Alabama. *See* Exhibit B, at ¶1.

15. Crete is a corporation organized and existing under the laws of the State of Nebraska with its principal place of business in the State of Nebraska.

16. Bailey is a resident citizen of the State of Texas.

17. Accordingly, the citizenship of Defendants is diverse from the Plaintiff.[1]

**B.     Amount in Controversy Met**

18. Before Defendants accepted/waived service of process, Plaintiff made a settlement demand of $175,736.61. *See* Ex. C. This alone satisfies the amount in controversy requirement. *See Cole ex rel. Ellis v. Knowledge Learning Corp.*, 416 F. App'x 437, 440 (5th Cir. 2011) (recognizing settlement demand letter, when not plainly a sham, can establish amount in controversy); *see also Jenkins v. Kellogg Co.*, 2009 WL 2005162, at *4 (N.D. Miss. July 6, 2009) (relying on pre-suit settlement demand to establish amount in controversy requirement).

19. In addition to the above, Plaintiff's First Amended Complaint also seeks damages for "serious physical injuries," past and future pain and suffering, past and future medical expenses, lost wages, and loss of wage-earning capacity. *See* Ex. B at ¶19. As such, the amount in controversy exceeds $75,000, exclusive of interest and costs, for this additional reason. *See*

---

[1] Plaintiff also named fictional "John Does" as defendants. Pursuant to 28 U.S.C. §1441(b)(1), the citizenship of fictional defendants is disregarded for purposes of determining the existence of diversity of citizenship jurisdiction.

*Jenkins*, 2009 WL 2005162, at *4 (finding amount in controversy was satisfied where plaintiff sought damages for "medical expenses, mental anguish, emotional distress, pain and suffering, and lost wages"); *see also Holmes v. Citifinancial Mortgage, Co.*, 436 F. Supp. 2d 829, 832 (N.D. Miss. 2006) (noting "Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000").[2,3]

20.    Accordingly, the amount in controversy requirement has been met.

21.    Defendants reserve the right to amend or supplement this Notice of Removal.

**WHEREFORE, PREMISES CONSIDERED**, Defendants request that this Court proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the Circuit Court of Newton County, Mississippi, be hereby stayed.

This, the 5th day of January, 2024.

Respectfully submitted,

**CRETE CARRIER CORPORATION and TERRY L. BAILEY**

By: *s/ Clint D. Vanderver*
Roy H. Liddell (MSB #1252)
Clint D. Vanderver (MSB #101997)
Their Attorneys

---

[2] The Fifth Circuit Court of Appeals has held it was facially apparent that the amount in controversy requirement was met in other cases with similarly indefinite damage claims. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 881 (5th Cir. 2000) (holding it was facially apparent that amount in controversy requirement was met when plaintiff sought unspecified amount of damages for medical expenses, pain and suffering, loss of enjoyment of life, wages and earning capacity, permanent disability, and disfigurement stemming from slip and fall).

[3] Plaintiff has also indicated that his medical expenses are at least $25,736.61. When considering the additional claims for pain and suffering, lost wages, and loss of wage-earning capacity, the amount in controversy exceeds the jurisdictional requirement. Further, as stated above, Plaintiff made a settlement demand for $175,736.61.

OF COUNSEL:

WELLS MARBLE & HURST, PLLC
300 Concourse Boulevard, Suite 200
Ridgeland, Mississippi 39157
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone: (601) 605-6900
Facsimile: (601) 605-6901
rliddell@wellsmar.com
cvanderver@wellsmar.com

## CERTIFICATE OF SERVICE

I, Clint D. Vanderver, attorney for the Defendants, hereby certify that a true and correct copy of the above and foregoing **Notice of Removal** has been forwarded to the following, by depositing the same in the United States Postal Service with the postage prepaid:

Samuel F. Creasey, Esq.
Morgan & Morgan, PLLC
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211

**ATTORNEY FOR PLAINTIFF**

Michael L. Butler, Circuit Clerk
Newton County Circuit Clerk
92 West Broad Street
Decatur, Mississippi 39327

This, the 5th day of January, 2024.

                                      *s/ Clint D. Vanderver*
                                      Clint D. Vanderver